## BARBINEAU' HEIRS vs, CASTILLE & AL,

Creditors of
a succession
cannot sue
the heirs,
while an action in which
the same
matters are
involved, is
pending between the
curator and
the defendants,
The curator
of an estate
is not a good
witness
where the legality of his
conduct is at
issue,

APPEAL from the court of the fifth district—the judge of the seventh presiding.

PORTER, J. delivered the opinion of the court. The plaintiffs, who are mortgage creditors of one Augustin Bijeau, deceased, seek by this action to make the defendants, his widow, and her son by a former marriage, responsible in their private capacity for the debts due by the estate of the deceased. The petition charges, that notwithstanding the defendants had renounced all claims to his succession,

they had lost the benefit of their renunciation: the widow, by taking an active concern in the community; by appropriating the effects belonging thereto to her own use—by concealing part of them, and not putting them on the inventory—by keeping in her possession the land sold by the petitioners to her husband, which was mortgaged to them, and by bringing suit against the succession for a sum of money.

The grounds of action against the son, who was testamentary heir of the deceased, are nearly the same as those alleged against the mother, with the addition of his not acknowledging himself debtor of a large sum which he owed his step-father; as also his working the slaves of the estate for his use and benefit.

The answer of the defendants, after denying all the allegations in the petition, except that Bijeau signed the note on which the suit is brought, and that the defendants had renounced; proceeds to state, that Bijeau died largely indebted to them, that they renounced his succession, and that a curator had been appointed to it. That this curator had advertised property of their's for sale as belonging to the

BARBINEAU
HEIRS
vs.
CASTILL &
AL.

A party who refuses to bring in testimony unless his adversary will wave the right of commenting on its effect, cannot have the cause remanded to procure that testimony, Until the curator of a succession makes a demand of the heirs of the effects belonging to it; they are not in fault in retaining them

Western Dis,
Sept. 1828,

BARBINEAU'
HEIRS
vs,
GASTILLE &
AL,

estate of Bijeau; that they had applied for and obtained an injunction to prevent him selling this property; and that as they were privileged creditors to a large amount, and apprehended a great sacrifice would be made of the other property of the estate in the manner it was announced for sale, they had obtained an injunction to prevent him disposing of it.

On this issue, testimony, oral and written, was taken in the court below, and the judge rendered judgment of nonsuit against the plaintiffs, being of opinion that the plaintiffs should have brought their action against the curator appointed for the vacant estate of Bijeau, and discussed the property mortgaged before they instituted this action. That in any event it could only lie against the defendants for the balance.

It is stated in the petition, that the defendants had commenced suits against the curator of the succession, for property belonging to it, to which they set up title; and that in these actions they had enjoined the sale of the remaining portion of the effects appertaining to the estate. The answer echos these facts, and avers the correctness and legality of the

suits.　The records of both actions have been made a part of the evidence in this case, and it appears that they are yet pending and undecided.

Western Dis,
*Sept*, 1828,

BARBINEAU'
HEIRS
*vs.*
CASTILLE &
AL,

One of the most serious enquiries which the case presents, is, whether the pendency of these suits does not preclude us from an examination of many of the most important matters set out in the petition, and it appears to us that they do. In every thing claimed in this action. which relates to the property contested for with the curator, both as to title, and right to enjoin the sale, we must await the decision of the suits in which these questions have been first put at issue. That the same matters form the *litis contestatio* in these actions, though presented in a different form of action, we think will appear manifest, by supposing judgment to be rendered in the suit between the curator and the defendants; and then enquiring into its effect. If it should, peradventure, be decided that the latter had a good title to those very effects, the detention of which is now charged on them as a ground for their being responsible as heirs pure and simple; and in addition to a right to this portion of the objects claimed as making a part of the suc-

WesternDis. cession, that they were also in the exercise of
*Sept.*1828.
their legal rights in inhibiting the sale of the
BARBINEAU'
HEIRS remainder ; most certainly, that judgment
*vs,*
CASTILLE & would be a bar to the present action in every
AI., thing, relating to the detention and use of that
property.

If the averments in the petition were, there-
fore, confined to charging the defendants with
detaining and administering the slaves and
other effects claimed by the defendants, we
should be of opinion that the suit ought to be
dismissed.

But the allegations of the plaintiffs go fur
ther, and cover more ground, than the mere
detention of the land and slaves to which the
defendants set up a claim. They charge the
defendants with concealing effects belonging to
the deceased, and failing to put them on the
inventory. They also accuse them with retain-
ing other property of the succession in their
hands contrary to law, and using it for their
own benefit. The issued joined on these mat-
ters compels us to examine this branch of the
case on its merits.

In the view we have taken of them, we are
saved the necessity of enquiring whether the
opinion of the district court rests on solid and

legal grounds, as on other reasons we are
brought to the conclusion that the judgment given below must be confirmed here.

Two bills of exceptions appear on record. The first is to an opinion of the judge refusing permission to the curator of the estate to testify in the present suit.   The reasons given by the judge for rejecting him, were, " that the petition charges the defendants with keeping back part of the property mentioned in the inventory, and not delivering it to the curator.   They answer it was by his consent. If by his consent, it discharges them, and may go to charge him, for not taking it into possession."   In this reasoning, and conclusion, we concur. The case does not fall within the rule which makes servants and agents witnesses *ex necessitate.* The curator had the authority and the means to have made the demand in presence of witnesses, and to have taken legal steps to inforce a delivery of the property.

The second is to the rejection of a number of witnesses who were offered to prove the possession of the effects belonging to the estate by the defendants, and of their having used them.   This testimony was objected to, on

Western Dis, the ground that if they did use it, they com-
Sept, 1828, mitted a trespass; but that such proof fur-
BARBINEAU' nished no reason for charging them as heirs.
HEIRS
vs,
CASTILLE & Whether this position be true or not, we need
AL,
not enquire; for, admitting it to be correct, the objection went to the effect of the testimony. It furnished no reason for rejecting the evidence, and the court greatly erred in sustaining such an opposition. The counsel for the defendants, after they had succeeded in excluding the testimony, offered to admit it, reserving all objections as to its effect. This reservation need not have been made, for all evidence is open to observation as to its effect; or in other words, to what it proves; and the offer was in truth the same as an unconditional consent to admit it. The plaintiffs' counsel, however, would not accede to the proposition; and why, we are totally at a loss to conceive. He certainly could not expect the opposite parties to abandon their right of commenting on the influence and effect of the proof which their adversary presented; and after a refusal of this kind, so unreasonable in itself, and so contrary to law, we cannot in justice to the opposite party remand the cause to enable the evidence to be procured.

Western Dis.
*Sept.* 1828.

BARBINEAU'
HEIRS
*vs.*
CASTILLE &
AL.

We come the more readily to this conclusion, because the testimony of the very witnesses whose names appear on the bill of exceptions, is afterwards spread on the record.— How it came there we cannot tell; the parties differ in their explanation, and we must take it as legally there. We have perused it with attention, and far from proving a concealment of the effects of the succession, it has produced on our minds an impression of the fairness of the defendants' conduct, in disclosing to the judge every thing which they conceived belonged to the estate. There is no evidence the curator ever made a demand of them, to deliver up the effects of the succession; and until he did, they were not in fault in retaining them.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

*Simon* for the plaintiffs—*Brownson* for the defendants.